IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 08-cv-00200-RPM

AGNES V. OLIVAS,

                      Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                      Defendant.

_____

ORDER AFFIRMING DECISION
_____

      The applications for Social Security Disability Insurance Benefits and Supplemental Security Income of Agnes V. Olivas were denied on the basis of the decision of an Administrative Law Judge (ALJ) dated May 22, 2007, after a hearing held on February 20, 2007, at which the claimant was represented by the attorney who has filed this complaint for judicial review under 42 U.S.C. § 405(g).  The ALJ found that Ms. Olivas has the following severe impairments: "coronary artery diseases with a history of acute myocardial infarction (status post stent placement); history of mechanical low back pain; arthralgias (with positive rheumatoid factor); anxiety, and depression (20 CFR 404.1520(c) and 416.920(c))."  (R. 22).

      The ALJ reviewed the medical history at some length, including hospitalizations at Longmont Community Hospital for chest pains and cardiovascular treatment, including stent placements in 2002 and in December, 2006.  The claimant has received

medication for anxiety and depression.  She was seen in the emergency room at that hospital on several occasions, including an acute intoxication episode on November 12, 2003.  The ALJ's recitation of the medical history is copied in the plaintiff's brief with apparent approval.  The issues presented by plaintiff's counsel are that the ALJ improperly gave greater weight to the opinions of non-examining state agency's employees than to the opinions of the treating and examining physicians and the ALJ improperly evaluated the claimant's credibility.

It is difficult to assess these asserted errors because there is no clear statement of the impairments that support the asserted disability of this claimant.  Apparently, she is contending that she in unable to perform any substantial gainful activity because of pain from her lower back radiating down both legs.  There is some X-ray evidence of abnormalities in the lower spine.

The plaintiff relies on the report of Dr. Hans Elzinga, M.D., of an examination he made on March 16, 2007.  (R. 547-548).  Notably, that report summarizes the patient's subjective complaints of pain but indicates that she is not in acute distress.  Dr. Elzinga commented that he has not seen this patient for two years and that her purpose in presenting to him is to request him to complete disability reports which he is unable to do.  Dr. Elzinga referred Ms. Olivas to Dr. Cletcher for orthopedic evaluation and notes that he intends to see her after she has been seen by Dr. Cletcher.  The report of Dr. John Cletcher, dated April 19, 2007, which was submitted to the ALJ after the hearing, provides an impression as follows:

> My overall impression is this woman is significantly disabled as a result of widespread degenerative changes in the lumbar spine suggestion of radiculopathy, correlation of the findings of the MRIs that have been done

>would be useful.  I have no immediate suggestions as to additional
>treatment, on the basis of this examination other than that she should be
>certainly evaluated for permanent impairment and disability.  Whether or
>not more aggressive treatment will be applicable to be her would remain to
>be seen after a thorough investigation for her entire previous history and
>previous evaluations with possibly the need for additional evaluation such
>as an MRI.  I hope this would be helpful for your purposes.

(R. 551).

Dr. Cletcher did not review the patient's medical history.  The ALJ correctly observed that Dr. Cletcher did not report any functional limitations.

The state agency physician's report appears at pages 469-476 of the record.  The signature of the examiner is illegible.  The conclusion expressed is that the difference between the subjective and objective findings in the case discount the credibility of the claimant.  In reaching that conclusion, the examiner relied on the consultative examination conducted by Dr. Sepeideh Nouhi, M.D., on April 19, 2005.  Dr. Nouhi's report is at pages 491-493 of the record.  His report reached the following conclusion:

>The claimant would have no difficulty with any work-related
>activities requiring sitting, standing, moving about, lifting, carrying, or
>handling objects.  She is able to hear and speak normal conversation
>without any deficit.  Her functional ability is in question in relation to her
>depression and anxiety which appears to be under control at this.

(R. 493).

There are troubling reports of depression and anxiety in the medical records but there is no contention made in this review that mental or emotional impairments are disabling.  The medical records do not include any psychological evaluation.  Dr. Ellen Ryan, M.D., a state agency psychiatrist filled out a Mental Residual Functional Capacity Assessment form from the available medical records on April 29, 2005, with a cryptic

conclusion that the claimant maintains the ability to engage in work not requiring constant contact with the general public.  (R. 493-496).

The ALJ's credibility determination, discounting Ms. Olivas' complaints of constant pain and severe limitations on her daily activities, is within the discretion afforded to him.  The ALJ observed that Ms. Olivas lives alone in an apartment building and is able to care for herself.  He found it significant that there was a history of non compliance with medical treatment advice, particularly with respect to the continued use of tobacco and earlier abuse of alcohol.

Having considered the plaintiff's assertions of error, the Court finds and concludes that the ALJ's determination that Ms. Olivas has the residual functional capacity to perform the jobs of light exertional levels that were identified in the record, it is

ORDERED that the decision is affirmed.

Dated:   June 23rd, 2009

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge